UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA PLAINTIFF

v. Criminal No. 3:23-CR-94-BJB

THOMAS GUNTER DEFENDANT

**NOTICE OF INTENT TO INTRODUCE EVIDENCE OF OTHER ACTS UNDER FED. R. EVID. 404(b), *RES GESTAE*, AND INEXTRICABLY INTERTWINED EVIDENCE AND MEMORANDUM IN SUPPORT**

*– Filed Electronically –*

The United States by and through undersigned counsel, respectfully states its intention to introduce in its case-in-chief evidence of uncharged conduct and other conduct in which the defendants engaged. To the extent that this evidence does not constitute *res gestae* or is not inextricably intertwined with the charged offense, the United States tenders this Notice of Intent in accordance with Fed. R. Evid. 404(b)(2).

FACTUAL BACKGROUND

Thomas Gunter is charged with several counts alleging controlled purchases of methamphetamine and conspiring with others to distribute methamphetamine from January 2021 through the date of his arrest, August 29, 2023. During this time period, the United States alleges that Gunter was a leader of the conspiracy and after his arrest he took steps to avoid facing trial, made written admissions of his guilt, and attempted to be released from custody based on misrepresentations of a witness.

MEMORANDUM OF LAW

A. The Evidence Sought to Be Introduced is *Res Gestae* and/or Inextricably Intertwined Evidence

At trial, the United States will seek to introduce the evidence outlined above specifically including:

- that Gunter was speaking with other incarcerated individuals including a co-defendant about having a confidential informant against him killed after his arrest.
- that Gunter claimed to have paid $35,000 to have another informant and his daughter murdered in August of 2021.
- that Gunter wrote several letters to co-defendant Lauren Baum after his arrest admitting his actions during the conspiracy, describing his leadership role in his drug trafficking organization, and the pride he feels when younger inmates respect his criminal career.
- that Gunter offered the testimony of Betsy Colwell at his detention hearing who held herself out to be a representative of a treatment facility but in actuality was a close friend and was present during a controlled buy on June 5, 2023.

Rule 404(b) of the Federal Rules of Evidence does not apply to bar background evidence, often referred to as *res gestae*. United States v. Hardy, 228 F.3d 745, 748 (6th Cir. 2000). Similarly, evidence that "is 'inextricably intertwined' with evidence of the crime charged," United States v. Everett, 270 F.3d 986, 992 (6th Cir. 2001) (quoting United States v. Barnes, 49 F.3d 1144, 1149 (6th Cir.1995)), or evidence of acts that are "intrinsic" or "part of a continuing pattern of illegal activity," Barnes, 49 F.3d at 1149 (6th Cir. 1995), does not implicate Rule 404(b). Evidence falling within this exception is limited to that which "has a causal, temporal or spatial connection with the charged offense," such as evidence that "is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense,

forms an integral part of the witness's testimony, or completes the story of the charged offense." Hardy, 228 F.3d at 748.

In this case, Gunter's actions before and immediately after the conspiracy timeframe are all indicative of a continuing pattern of illegal activity. They show his willingness to command the obedience of others to further his criminal enterprise which arises from the same events charged in the case. The evidence the United States seeks to introduce as outlined above is part and parcel with the facts and investigation of this case.

B. The Evidence Sought to Be Introduced is Admissible Under Rule 404(b)

To the extent that evidence discussed above does not constitute *res gestae* or is not inextricably intertwined with the charged offenses, the United States tenders this Notice of Intent in accordance with Fed. R. Evid. 404(b)(2). The Court may admit evidence of uncharged conduct under Rule 404(b) to prove relevant facts other than the defendant's character. See Fed. R. Evid. 404(b). More specifically, the court may admit evidence of uncharged conduct under Rule 404(b) for the purpose of proving "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . ." Id.

In ruling on the admissibility of 404(b) evidence, the trial court must determine that the act in question occurred, that the evidence is admissible for a proper purpose, and that the probative value of the evidence outweighs its potential prejudicial effects. See United States v. Johnson, 27 F.3d 1186, 1190 (6th Cir. 1993); United States v. Ismail, 756 F.2d 1253, 1259 (6th Cir. 1985); United States v. Dabish, 708 F.2d 240, 242 (6th Cir. 1983). Evidence of other misconduct becomes unfairly prejudicial if "the jury's decision will be based upon improper factors, notably the character and past conduct of the accused, rather than upon the evidence presented on the crime charged." United States v. Vance, 871 F.2d 572, 577 (6th Cir. 1989); see also United States v.

Mendez-Ortiz, 810 F.2d 76, 79 (6th Cir. 1986) ("'[u]nfair prejudice,' as used in Rule 403, does not mean the damage to the defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis").

1. There Is Sufficient Evidence the Other Acts Occurred

As noted, the first determination a court must make before admitting other-act evidence under Rule 404(b) is whether there is sufficient evidence that the other act occurred. The standard of proof is low: the government is not required to prove the other act beyond a reasonable doubt, by clear and convincing evidence, or even by a preponderance of the evidence. United States v. Bell, 516 F.3d 432, 441 (6th Cir. 2008) (citing Huddleston, 485 U.S. at 689). The government need submit only enough evidence to support a reasonable finding that the defendant committed the other act. Id.

Here, the United States will present the following evidence:

-The testimony of a confidential informant who witnessed Gunter's conversations about previously having a witness killed and his desire to do so again. This information was memorialized in an FBI Report dated October 23, 2023, and was admitted as USA exhibit 6 during Gunter's detention hearing on March 20, 2024. (DN 77).

-Letters written by Gunter to co-defendant Lauren Baum from the Grayson County Detention Center from December 2023 through June 2024.

-The official recording and/or transcript of Gunter's March 20, 2024, detention hearing in front of U.S. Magistrate Judge Hon. Colin H. Lindsay; and the testimony with the video recording of a confidential informant who bought methamphetamine from Gunter while Ms. Colwell sat next to him in a vehicle.

This evidence is sufficient under the 404(b) standard. See United States v. Bonds, 12 F.3d 540, 572 (6th Cir. 1993) (finding that testimony from single eyewitness "amply support[ed]" a finding that the other act occurred).

2. The Evidence Is Being Offered for a Permissible Purpose

The second determination a court must make before admitting other-act evidence under Rule 404(b) is whether it is offered for a permissible purpose: i.e., that "it is probative of a material issue other than character." United States v. Cox, 957 F.2d 264, 267 (6th Cir. 1992) (quoting Huddleston, 485 U.S. at 689). In this case, the evidence proposed by the United States falls squarely within the exceptions outlined in Fed. R. Evid. 404(b)(2). As stated above, the anticipated testimony as to the defendant's conduct proves motive, knowledge, intent, preparation, absence of mistake, or lack of accident. Thus, the evidence is being offered for a permissible purpose.

3. The Probative Value of the Evidence Outweighs the Danger of Unfair Prejudice

Finally, the third determination a court must make before admitting other-act evidence under Rule 404(b) is whether its probative value is substantially outweighed by the danger of unfair prejudice. Cox, 957 F.2d at 267. Courts consider several factors in weighing the probative value of 404(b) evidence against its prejudicial effect.

One factor is the evidence's overall significance to the case. Courts have cautioned that "404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case." United States v. Perez-Tosta, 36 F.3d 1552, 1562 (11th Cir. 1994). The Sixth Circuit has stated that the centrality of the issue for which the 404(b) evidence was admitted weighs in favor of admission. See United States v. Vance, 871 F.2d 572, 576 (6th Cir. 1989) ("[A]n important indication of probative value of evidence is the prosecution's need for the evidence in proving its case."). Another factor is the amount of time elapsed between the 404(b) incident and

the charged incident. Generally, the probative value of other-act evidence decreases in a linear fashion as time passes. See Ismail, 756 F.2d at 1260. Another factor is the availability of alternative sources of proof. See Bell, 516 F.3d at 445 ("The district court should consider the government's alternative sources of proving intent when weighing the probative value of other acts evidence."). Still another factor is the nature and degree of potential prejudice. Not all prejudice is *unfair* prejudice. "[U]nfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." Bonds, 12 F.3d at 567. 404(b) evidence is more likely to compel a jury to render its verdict on an improper basis if it is particularly graphic or inflammatory, or if it is more severe in degree than the charged conduct. See United States v. Blair, 225 F.3d 660 (6th Cir. 2000) (unpublished) (noting that evidence of the 404(b) assault "was more 'graphic,' 'horrendous,' and 'emotional'" than evidence of the charged assault). Finally, another factor is the potential for a limiting instruction. The Sixth Circuit, while recognizing that a limiting instruction is not a cure-all, has held that an instruction carefully setting forth the permissible uses of 404(b) evidence mitigates the prejudicial impact, if any, of such evidence. United States v. English, 785 F.3d 1052, 1056 (6th Cir. 2015). A limiting instruction is especially impactful if given before and after the evidence at issue, and again during the jury charge. See United States v. Allen, 619 F.3d 518, 525 (6th Cir. 2010).

The factors described above weigh in favor of admitting the government's proposed evidence in this case. The proposed evidence is inextricably intertwined with evidence of the crime charged and is necessary to the government's case. The United States seeks to introduce evidence showing that Gunter maintained command and control over others involved or associated with his drug trafficking organization. This evidence will show his intent to maintain the viability of his

organization, the absence of mistake and any lack of accident. This is necessary background information to the underlying charges. Should the Court exclude this evidence, the United States would be unable to fully explain to the jury how the defendant planned and carried out his criminal conduct. Although there is certainly a potential for prejudice associated with this evidence, this prejudice can be cured by the Court providing a limiting instruction to the jury to ensure the evidence is not considered for an improper purpose. Moreover, the Sixth Circuit's pattern jury instruction 7.13 Other Acts of Defendant is specifically designed to alleviate any concerns raised by this type of evidence.

## CONCLUSION

Defense counsel and the Court should take notice of the United States' intent to seek introduction of this evidence.

Respectfully submitted,

MICHAEL A. BENNETT
UNITED STATES ATTORNEY

*/s/ Joshua R. Porter*

Joshua R. Porter
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
Tel: (502) 582-5911
joshua.porter@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice to all counsel of record.

*/s/ Joshua R. Porter*
Joshua R. Porter
Assistant United States Attorney