FILED
JAMES J. VILT, JR. - CLERK

JUN 09 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                                                          No. 3:23-cr-94

THOMAS GUNTER, ET AL.

\* \* \* \* \*

## JURY INSTRUCTIONS
### PHASE 2

Members of the jury, the verdict you just entered regarding Thomas Gunter remains in place, but there is an additional question you must consider.

All of my previous instructions explaining your duties continue to apply: the general rules that apply in federal criminal cases, the instructions for evaluating testimonial evidence, the rules you must follow during deliberations, and the possible verdicts you may return.

You may now go deliberate. You must do so consistent with my prior Instructions, which you still have in hand. You'll receive a new verdict form, which states the additional questions to be answered. If you decide that the Government has proved beyond a reasonable doubt that the answer is "Yes," then your foreperson should mark the appropriate place on the verdict form. If you decide that the Government has not carried its burden, then your foreperson should mark "No" on the form. Your foreperson should then sign and date the form in the space indicated. Then please tell the Security Officer that you have a verdict.

## Count 18: Possession of a Firearm by a Prohibited Person (Gunter)

Count 18 of the indictment charges Thomas Gunter with being a convicted felon in possession of a firearm. For you to find the Defendant guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

1. That the Defendant has been convicted of a crime punishable by imprisonment for more than one year. The Government and the Defendant have agreed that the Defendant has previously been convicted of a crime punishable by imprisonment for more than one year.

2. That the Defendant, following his conviction, knowingly possessed a firearm specified in the indictment.

3. That at the time the Defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year. The Government and the Defendant have agreed that the Defendant knew he had been convicted of a crime punishable by imprisonment for more than one year.

4. That the specified firearm crossed a state line prior to or during the alleged possession. It is sufficient for this element to show that the firearm was manufactured outside of Kentucky.

The Defendant does not have to own the firearm in order to possess the firearm.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

The instructions regarding possession that applied to Counts 17 & 19 also apply here. The Government needn't prove that the Defendant physically possessed the firearm for you to find him guilty of this crime. Either actual or constructive possession are sufficient grounds to convict the Defendant. And the Government needn't prove that the Defendant was the only one who had possession of the firearm. But remember that just being present with others who had possession is not enough to convict.

If you are convinced that the Government has proved each of these elements beyond a reasonable doubt, say so by returning a guilty verdict with respect to that charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of that charge.